IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LILIYA TURBUCHUK, individually** ) | |
| **and as personal representative of the** ) | |
| **Estate of ALEKSEY TURUBCHUK,** ) | |
| **Deceased, and VLADIMIR NEMTSOV,** ) | |
| **as parent and guardian of** ) | |
| **E. NEMTSOVA (a minor) and** ) | |
| **V. NEMTSOV (a minor) and** ) | |
| **LUDMILA NEMTSOVA, and** ) | |
| **IRINA TURUBCHUK,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 12-CV-594-WDS |
| ) | |
| **E.T. SIMONDS CONSTRUCTION** ) | |
| **COMPANY, and SOUTHERN** ) | |
| **ILLINOIS ASPHALT COMPANY,** ) | |
| **INC.,** ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant E.T. Simonds Construction Company's Motion to Dismiss Counts 1-10 of plaintiff's complaint for failure to state a claim (Doc. 24) to which the plaintiff has responded (Doc. 26) and defendant has filed a reply (Doc. 27). Plaintiffs do not object to dismissal of Counts 1-6, but oppose dismissal of Counts 7-10. The Court, therefore, **DISMISSES** Counts 1-6 of the complaint.

Count 7 seeks recovery for Intentional Misrepresentation; Count 8 for Fraudulent Concealment; Count 9 for Negligent Misrepresentation; and Count 10 for Constructive Fraud. The critical issue before the Court is the application of a release of liability which was entered into by the parties as part of the settlement of a previous action and whether that release bars the claims brought in Counts 7-10 in this case. A brief history of this case is warranted.

## I. INTRODUCTION

### A. Original Action in this Court

Plaintiffs originally filed a negligence-based action in this Court in 2007 seeking to recover for injuries which resulted from a single vehicle rollover accident in Illinois in November of 2005. Plaintiffs sued defendants E.T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc., alleging that in 2005 the defendants were joint contractors on a State of Illinois road construction project, specifically repaving along a stretch of Interstate 24. Plaintiffs alleged that the vehicle in which they were riding went off the paved road in the construction zone, slipped off of a severe edge drop-off, left the highway and rolled. Plaintiffs alleged that there were not fog lines or guardrails on the section of highway where the accident occurred.

Plaintiffs alleged, specifically, that Ludmila Nemtsova lost control of the van she was driving and it slid along the shoulder of the highway, allegedly encountered a steep drop-off as a result of the ongoing road construction, and rolled several times before stopping. Several persons in the car were severely injured and one of the occupants suffered fatal injuries from the crash.

The parties litigated the action, and settled the case before trial. It was dismissed at the parties' request by Order of the Court in June of 2007. (See, *Turubchuk v. E.T. Simonds Const. Co.*, 07-CV-216-WDS). As part of the settlement documents submitted to the Court, plaintiffs signed a Release, which included language specifying an intention to settle all claims arising out of the accident. The Release contains the language that, "any and all claims . . . arising out of or on account of . . . or inconsequence of "the motor vehicle accident" were included in the settlement (See, Release, Page 1). In addition, the Release includes a "non-reliance" clause. It provided:

> WE DECLARE AND AGREE that no promise or agreement not herein expressed has been made to us and that in executing this Release, we am [sic] not relying upon any statement or representation made by the parties hereby released or the parties' agents, servants, attorneys, or any other person concerning the nature, extent or duration of decedent's injuries and death and

>damages or concerning any other thing or matter, but am [sic] relying solely upon our own judgment and the advice of our attorney.

### B. Current Action

Plaintiffs filed this action nearly 6 years later seeking damages for defendant's alleged fraudulent misrepresentation with respect to existing insurance policies and the joint venture status of the underlying defendants, Simonds and Southern Illinois Asphalt Company, Inc. (who is not a party to this motion). Plaintiffs claim that the liability representation made as part of court-required disclosures amounted to a misrepresentation. Plaintiffs insist that the defendants had individual policies, and, if they had been advised of the existence of those policies plaintiffs would not have settled for what they believed were "policy limits" of the joint venture policy. Plaintiffs assert that defendants' counsel falsely represented to the plaintiffs that defendants were operating as a joint venture and, as part of their case disclosures, that the joint venture had only had $1 Million in insurance coverage. Specifically, the complaint alleges that:

On or about May 14, 2007, during a telephone conference between plaintiffs' counsel and defense counsel, defense counsel is alleged to have affirmatively notified plaintiffs' counsel that contractors were operating as a "joint venture" and there was one and only one policy of insurance applicable to the claims arising from the subject motor vehicle accident… (Complaint, ¶ 18). Plaintiffs assert that this amounted to a misrepresentation by the defendants, and that it was, at best, negligent misrepresentation, ( plaintiffs qualify the representation as "wishful thinking on the part of the Defendants") and at worst, a willful, intentional fraud.

In the action now before the Court (the "2012 complaint") plaintiffs claim that in the 2007 action they had determined the identities of the defendants through the use of public disclosure request from the Illinois Department of Transportation, and that defense counsel entered his appearance as counsel for *both* defendants. Thereafter defendants' counsel represented to plaintiffs' counsel that only one insurance policy had been obtained by the contractors as a Joint venture in the amount of $1 Million per occurrence. The Certificate of Liability disclosed by the defendants to plaintiffs had an effective date of August 1, 2005.

Plaintiffs made a policy limits demand and Defendants agreed to the settlement demand on June 15, 2007, and the case settled for the joint venture insurance policy limit of $1 Million.

Plaintiffs assert that they were misled into reliance on the Initial Disclosure, which was filed on May 15, 2007, and provided the joint venture policy limitations. They note that this was in writing, and that defendants fraudulently or negligently concealed the existence of individual liability insurance policies which they allege predated the joint venture and may have been able to satisfy any judgment entered in the 2007 action.  Plaintiffs assert that under the Federal discovery rules that the defendants had an affirmative duty to disclose those additional policies.[1]  Plaintiffs claim that they relied upon defendants' written representation (as part of the disclosure) that the defendants were operating as a joint venture at the time that they were insured.  Plaintiffs assert that the joint venture was not formed until the State of Illinois constructions contract was bid and awarded to the defendants as individual construction companies, and that the joint venture was formed thereafter.[2]  Plaintiffs claim that the defendants had a duty to disclose the existence of any additional policies to the plaintiffs. Plaintiffs further contend that they relied upon the written representations of counsel with respect to available liability insurance.

Plaintiffs assert that this claim has been brought within the five (5) year statute of limitations for fraud actions, and therefore is timely. 735 ILCS 5/13-205.  Defendant seeks dismissal on the grounds that plaintiffs' claims are foreclosed by the Release which the parties entered into at the time of the settlement. The Release language includes any and all claims "arising out of or on account of the loss . . . which we now have or may hereafter have on account of, arising out of, or in consequence of. . ." the claim in the 2007 action. Defendant asserts that plaintiffs have not alleged that the release is invalid, and that it would act to extinguish all claims brought in this cause of action, including the fraud and misrepresentation

---

[1] Specifically, plaintiffs refer to Fed. R. Civ. P. 26(a)(1)(A)(iv) which provides: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

[2] Plaintiffs assert that they subsequently learned that the State of Illinois contract was awarded to the defendants jointly and severally at the time that they undertook the work but that the joint venture entity was not formed until after the contract was bid and awarded to the defendants as individual construction companies.

claims. Therefore, defendant seeks dismissal of all claims.

### C. Motion To Dismiss

#### a. Basic Standards

When "[e]valuating the sufficiency of the complaint, [under Rule 12(b)(6)] we construe it in the light most favorable to the nonmoving party, accept well-[pled] facts as true, and draw all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir.2010) (internal brackets omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### b. Reliance on Matters Outside the Pleadings

In general, a court will only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir.2002). However, Federal Rule of Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." The Seventh Circuit has determined that this rule includes some attachments to motions to dismiss pursuant to Rule 12(b)(6). *Rosenblum*, 299 F.3d at 661. "'[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir.2006) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir.2002) (additional quotation omitted)).[3] The court "'is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material.'" *Rosenblum*, 299 F.3d at 661 (quoting 5

---

[3] These documents may be considered by a district court in ruling on the motion to dismiss without converting the motion into a motion for summary judgment. 453 F.3d at 891.

5

Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d, § 1327 at 766 (1990)).

Plaintiffs have attached Exhibits 1 & 2 to the complaint. Exhibit 1 is a copy of an email exchange between defendants' counsel and plaintiffs' counsel confirming the settlement. Exhibit 2 is a copy of the executed release from the 2007 case. The Court **FINDS** that it can properly consider these exhibits in ruling on the motion to dismiss. *Rosenblum*, 299 F.3d at 661. The exhibits which are attached to the complaint and the motion to dismiss are, therefore, available for the Court's review.

### c.  Fraud Pleading Requirements with Respect to Settlements

Pursuant to Rule 9(b), allegations of fraud need to be pled with particularity, though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." For a claim of fraud, the pleader must identify the person who made the misrepresentation; the time, place and content of the misrepresentation; and the way in which the misrepresentation was communicated to the pleader. *Gen. Elec. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir.1997).

Settlement agreements are, essentially, contracts, and therefore enforcement of the agreement is governed by the contract law of the state where the agreement was made. *Lynch v. SamantaMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Under Illinois law "a settlement agreement procured by fraud, coercion, or one that is contrary to any rule of law, public policy, or morals, will be set aside and vacated." *In re Marriage of Hawkins*, 435 N.E.2d 786, 788 (Ill. 1982).

> In order to state a claim for common law fraud under Illinois law, a plaintiff must allege: (1) the defendant made a false statement of material fact; (2) the defendant knew the statement to be false; (3) the defendant made the statement intending to induce the plaintiff to undertake some act; (4) the plaintiff reasonably relied upon the truth of the statement; and (5) the plaintiff suffered damages as a result of his reliance.

6

*Duffy v. TicketReserve, Inc.*, 722 F.Supp.2d 977, 991 (N.D. Ill.2010). Further, "A settlement that is legal and binding on its face is presumed valid; such presumption can be overcome by proving through clear and convincing evidence that there was fraud in the inducement, fraud in the execution, mutual mistake or mental incompetency." *In re Marriage of Goldberg*, 668 N.E.2d 1104, 1107 (Ill. App. Ct.1996). Further:

> The complaining party must show that the other party falsely stated a material fact; the fact was intentionally misstated or concealed to induce the complaining party to act; and that the complaining party detrimentally relied upon the misstatement or the nonexistence of the fact.

*Id.* (quoting *In re Marriage of Bashwiner*, 438 N.E.2d 490, 494-95 (Ill. App. Ct.1982)).

### 1. Plaintiffs' Claims of Fraud

Plaintiffs raise Intentional Misrepresentation and Fraudulent Concealment claims in Counts 7 and 8, respectively. Specifically, they allege in Counts 7 and 8 that defendants misrepresented material facts with respect to the identities of the entities which were potentially liable for plaintiffs' injuries, as well as the existence of liability insurance policies, and plaintiffs relied on the false information provided. Count 7 asserts that the misrepresentations were intended to induce plaintiffs into settling their claims, and Count 8 alleges that the concealment of material fact was intended to induce settlement, and but for the concealment, plaintiffs would not have entered into the settlement.

The general standard is that to prove fraud under Illinois law a plaintiff must show that the defendant made a knowingly false representation of a material fact. The plaintiffs must also show that they reasonably relied on the false representation to their detriment. See *Enterprise Recovery Systems, Inc. v. Salmeron*, 927 N.E.2d 852, 858 (Ill. App. Ct. 2010) (citing *Phil Dressler & Associates, Inc. v. Old Oak Brook Investment Corp.*, 548 N.E.2d 1343, 1347 (Ill. 1989)).

In *Jordan v. Knafel*, 880 N.E.2d 1061, 1069 (Ill. App. Ct. 2007) the court held that in order to establish fraud in the inducement, a party seeking relief must show that the representation made by the offending party was "(1) one of material fact; (2) made for the purpose of inducing the other party to act; (3) known to be false by the maker, or not actually believed by him on reasonable grounds to be true, but reasonably believed to be true by the other party; and (4) relied upon by the other party to his detriment." *Id*.

Plaintiffs' claim rests upon their assertion that the Initial Disclosure as part of the discovery in the 2007 action did not include information about other possible insurance policies, but only about the policy covering the joint venture. In addition, plaintiffs assert that defense counsel made a either a negligent or a misrepresentation of fact in his telephone conversation on May 14, 2013.

Fraudulent concealment is a type of tolling within the doctrine of equitable estoppel. Fraudulent concealment "presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant-above and beyond the wrongdoing upon which the plaintiff's claim is founded-to prevent the plaintiff from suing in time." *Cada v. Baxter Healthcare Corp*., 920 F.2d 446, 451 (7th Cir.1990). In order for these plaintiffs to benefit from tolling for fraudulent concealment, they must show "that [they] neither knew nor, in the exercise of due diligence, could reasonably have known of the offense." *Klehr v. A.O. Smith Corp*., 521 U.S. 179, 194-95 (1997) (holding that "reasonable diligence" was required to invoke the doctrine of fraudulent concealment in the context of civil RICO by analogy to antitrust cases).

Illinois law would likely apply to the fraudulent concealment claim since the plaintiffs were allegedly victimized by the alleged fraud in Illinois. See *id*., 879 N.E.2d at 920-21. Illinois law is clear that the omission or concealment of a material fact is actionable only if the defendant had a duty to speak. See, *Orlak v. Loyola Univ. Health Sys*., 885 N.E.2d 999, 1010-

12 (Ill.2007) (in absence of fiduciary or other confidential relationship between plaintiff and defendant, defendant's silence does not constitute fraud); *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill.1996) (no fraudulent concealment claim where plaintiffs failed to allege they were in fiduciary or other confidential relationship with defendants such that they had duty to disclose); *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 765 (Ill.App.Ct.2003) ("In order to prove fraud by the intentional concealment of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak."). *In re Copper Antitrust* Litigation, 436 F.3d 782, 790-91 (7th Cir. 2006).

Fraudulent concealment "presupposes that the plaintiff[s have] discovered, or, as required by the discovery rule, should have discovered, that the defendant injured [them], and denotes efforts by the defendant--above and beyond the wrongdoing upon which the [plaintiffs'] claim is founded--to prevent the plaintiff[s] from suing in time." *Cada*, 920 F.2d at 451.

### 2. Negligent Misrepresentation

Plaintiffs raise a claim for negligent misrepresentation in Count 9, asserting that to induce plaintiffs to settle the defendants misrepresented material facts. To state a valid claim for negligent misrepresentation, plaintiff must show:

> (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the false statement; (3) intention to induce the other party to act; (4) reliance by the other party on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty owed by the defendant to the plaintiff to communicate accurate information.

*Lockwood v. Standard & Poor's Corp.*, 682 N.E.2d 131, 134 (Ill. App. Ct. 1997).

### 3. Constructive Fraud

Under Illinois law, "[u]nlike actual fraud, constructive fraud 'requires neither actual dishonesty nor intent to deceive. . .'" *Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 800

9

(7th Cir. 2008) (quoting *Pottinger v. Pottinger*, 605 N.E.2d 1130, 1138 (Ill. App. Ct.1992)).

Further:

> Constructive fraud includes "any act, statement or omission which amounts to positive fraud or which is construed as a fraud by the courts because of its detrimental effect upon public interests and public or private confidence." [*Pottinger*, 605 N.E.2d at 1138]. This claim requires the existence of a confidential or fiduciary relationship. Indeed, a plaintiff claiming constructive fraud "must show that defendant (1) breached the fiduciary duty he owed to plaintiff and (2) knew of the breach and accepted the fruits of the fraud."

*Joyce*, 538 F.3d at 800, (quoting, *Prodromos v. Everen Secs., Inc*., 793 N.E.2d 151, 158 (Ill. App. Ct. 2003)). Plaintiffs raise constructive fraud in Count 10, and asert that defendants misrepresented material fact, namely the identity of the parties who may have been liable for plaintiff's injuries and misrepresented the existence of liability insurance policies available. They claim that they relied on this misrepresentation, and suffered damage as a result.

### d. Analysis

Each of the claims found in Counts 7-10 rests upon a similar allegation of misrepresentation (or concealment) of material facts (the parties and the available insurance policies); that plaintiffs relied on these misrepresentations; and that they settled their claims based on those material misrepresentations.

Entering into a settlement agreement and executing a release represents a "serious contractual undertaking, and policy dictates that the terms contained therein be accorded a strong presumption of validity by the Court." In re WorldCom, Inc., 296 B.R.115, 120 (Bankr.S.D.N.Y.2003). This Court is most reluctant to undo a settlement, particularly one which was entered into 5 years prior, and will not do so lightly or easily. Although the plaintiffs may not be able to actually show intentional concealment or misrepresentation in the settlement process, much less that there even was an actual misrepresentation at all, plaintiffs have plead enough

to withstand a motion to dismiss the complaint. Whether plaintiffs will be able to actually prove fraud or misrepresentation, at either trial or in response to a dispositive motion, remains to be determined as the record is further developed, and, therefore, must be left for a later day.

Accordingly, the Court **GRANTS** in part and **DENIES** defendant's motion to dismiss. The Court **GRANTS** defendant's motion as to Counts 1-6 of the Complaint and they are **DISMISSED**. The Court **DENIES** the defendant's motion as to Counts 7-10.

**IT IS SO ORDERED.**

**DATE: <u>18 September, 2013</u>**

<u> /s/ WILLIAM D. STIEHL</u>
      **DISTRICT JUDGE**