IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, VLADIMIR NEMSTOV, LUDMILA NEMTSOVA, and IRINA TURUBCHUK, <br><br>   Plaintiffs, <br><br>   v. <br><br> E. T. SIMONDS CONSTRUCTION COMPANY and SOUTHERN ILLINOIS ASPHALT COMPANY, INC., <br><br>   Defendants. | Case No. 3:12-cv-594-NJR-DGW |

## ORDER

**WILKERSON, Magistrate Judge:**

On June 30, 3014, a telephonic discovery dispute conference was held with attorney Olander for Plaintiffs, attorney Knapp for Defendant E.T. Simonds Construction Company, and attorney Goffinet for Defendant Southern Illinois Asphalt Company, Inc., participating. In light of the arguments made at the conference, the following is hereby **ORDERED**:

1. The Plaintiffs' depositions **SHALL** be completed by August 22, 2014. The parties indicated that they will be available during the week of August 18-22, 2014 for the depositions. The parties shall agree on a date for the depositions by July 11, 2014. If the parties fail to reach an agreement on a specific date of the deposition, they shall immediately contact the Court to schedule a conference on the matter.

2. Plaintiffs shall respond to Defendant Southern Illinois Asphalt Company, Inc.'s previously served interrogatories, without objection, by July 14, 2014.

3. Plaintiffs shall produce, at their expense, the documents that are responsive to Defendant E.T.

Simonds Construction Company's request to produce by July 14, 2014.

Plaintiffs state that while they did not produce the documents responsive to Defendant's requests (because of the cost of reproduction and because the documents were produced in another case) they did timely object to the requests.  That the documents may have been produced in an, albeit, related case is irrelevant to whether they must be *produced in this case*.  Second, while the Court is mindful that there is expense in reproducing hundreds of pages of documents, the expense of this reproduction should be borne by Plaintiffs.  Federal Rule of Civil Procedure 34 provides that upon request for documents, Plaintiff must "produce and permit the requesting party or its representative to inspect, copy, test, or sample the [ ] items in the responding party's possession, custody, or control . . . ."  Plaintiffs, and their attorney, are located in the great State of Washington.  Therefore, if Plaintiffs' are in possession of responsive documents (i.e. physical paper documents), those documents must be made available for inspection.  Practically speaking, this means that Plaintiff must either copy the documents and mail them to Defendants or, Defendants must travel to Washington and inspect and copy the documents themselves.  As stated at the conference, this is Plaintiffs' lawsuit and they have elected to sue in this District.  It would be equitable and cost efficient for Plaintiffs to copy the responsive documents and mail them to Defendants rather than requiring Defendants to travel to Washington, take the time to inspect and copy the documents themselves and transport them back to this District (where the documents maybe produced at trial).  As such, Plaintiffs shall bear the cost of copying and mailing responsive documents to Defendants.

Plaintiffs also argue that they have not waived their objections by failing to actually produce responsive documents in a timely manner. Federal Rule of Civil Procedure 34(b)(2) provides the following:

> (A) *Time to Respond.* The party to whom the request is directed must respond in writing with 30 days after being served . . . .
>
> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (C) *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

The Rule contemplates objections to requests and partial objections (in which case the non-objected to portion of the request must be fulfilled) to be made at the same time that documents are produced. At this stage of the proceedings, however, this Court will not find that Plaintiffs have waived their objections because there appears to be a good faith dispute as to how the documents should have been produced.

4. Plaintiffs seek to propound additional interrogatories related to three excess insurance policies. In these interrogatories, Plaintiffs seek information on the persons involved in the disclosure of these insurance policies, an issue that may be relevant to this matter. Plaintiff is **GRANTED** permission to propound a total of **5** additional written interrogatories, including all discrete subparts, upon Defendants related to these insurance policies by July 11, 2014. Defendants shall respond by July 31, 2014.

5. In light of the foregoing, the schedule in this matter is **RESET** as follows:

   a. Plaintiffs' depositions to be completed by August 11, 2014.

   b. Defendants' depositions to be completed by September 14, 2014.

   c. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   > Plaintiffs' expert(s): October 1, 2014
   > Defendants' expert(s): November 30, 2014.
   > Third Party expert(s): N/A.

    d.      Depositions of expert witnesses must be taken by:

> Plaintiffs' expert(s): October 31, 2014.
> Defendants' expert(s): January 6, 2015.
> Third Party expert(s): N/A.

    e.      Discovery shall be completed by **January 6, 2015.**

    f.      Dispositive Motions shall be completed by **January 21, 2015.**

    g.      The Final Pretrial Conference is **RESET** to **April 13, 2015 at 1:30 p.m.**

    h.      The presumptive trial month is **RESET** to **May, 2015.**

Defendant E.T.Simonds also raised an additional "dispute": that Plaintiff has failed to sign discovery responses. The parties are reminded that they are obligated to follow the Federal Rules of Civil Procedure including Rule 11 and Rule 26(g). Failure to follow the Rules may result in sanctions, including the exclusion of evidence at trial, the striking of offending documents, and/or the striking of pleadings.

**IT IS SO ORDERED.**

**DATED: July 10, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**