IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LILIYA TURUBCHUK, *individually, and as a representative of the Estate of ALEKSEY TURUBCHUK, Deceased*, VLADIMIR NEMSTOV, *as parent and guardian of E. NEMSTOV (a minor) and V. NEMSTOV (a minor)*, LUDMILA NEMSTOVA, IRINA TURUBCHUK,

    Plaintiffs,

v.

E T SIMONDS CONSTRUCTION COMPANY and SOUTHERN ILLINOIS ASPHALT COMPANY INC.

    Defendants.

Case No. 3:12-cv-594-NJR-DGW

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Second Motion for Extension of Time filed by Plaintiffs on June 25, 2014 (Doc. 58), the Motion to Compel Discovery filed by Plaintiffs on July 11, 2014 (Doc. 64), the Motion for Leave to File First Amended Complaint filed by Plaintiffs on September 25, 2014 (Doc. 82), the Motion to Stay Scheduling and Discovery Order filed by Plaintiffs on September 25, 2014 (Doc. 83), and the Motion to Quash Rule 30(b)(6) Deposition filed by Defendant, E.T. Simonds Construction Company, on October 8, 2014 (Doc. 85).

For the reasons set forth below, the Motion for Extension of Time (Doc. 58) is **DENIED**, the Motion to Compel Discovery (Doc. 64) is **DENIED**, the Motion for Leave to File First Amended Complaint (Doc. 82) is **DENIED**, The Motion to Stay Scheduling and Discovery Order (Doc. 83) is **DENIED**, and the Motion to Quash Rule 30(b)(6) Deposition (Doc. 85) is **TAKEN**

**UNDER ADVISEMENT.**

### BACKGROUND

According to the Complaint filed on May 8, 2012 (Doc. 2), Plaintiffs were involved in a one-car accident on Interstate 24 (in Township 13 in Illinois) on August 21, 2005 that caused the death of Aleksey Turubchuk and severe injuries to the remaining Plaintiffs. On March 29, 2007 Plaintiffs filed suit in this District, entitled *Liliya Turbchuk, et al., v. E T Simonds Construction Company and Southern Illinois Asphalt Company Inc.*, 3:07-cv-216-WDS-CJP (hereinafter "underlying lawsuit"), alleging that Defendants, who were contracted by the State of Illinois to repave the stretch of highway where the accident occurred, were negligent and created unreasonably dangerous driving conditions. The underlying lawsuit was settled on February 27, 2008 and the case was accordingly dismissed, with prejudice, on February 28, 2008.

In the case at bar, Plaintiffs (who are identical to the underlying lawsuit) now assert that Defendants (who also are identical to the underlying lawsuit) made certain fraudulent representations in the underlying lawsuit as to the existence and applicability of insurance agreements that could have satisfied a judgment against them. In particular, Plaintiffs allege Defendants represented that they were joint venturers in the contract with the State of Illinois and that as joint venturers, they were only insured by Bituminous Casualty Insurance Company (hereinafter "Bituminous Policy") with policy limits in the amount of $1,000,000. Plaintiffs relied on these representations and settled the underlying lawsuit. Plaintiffs now believe that Defendants concealed additional insurance coverage that was issued to Defendants individually; and, that they are liable, individually, for Plaintiffs' damages. Plaintiffs further believe that this additional insurance could have been used to satisfy judgment in the underlying lawsuit in excess of $1,000,000.

The Complaint alleges 10 Counts – Counts 1 through 6 appear to be identical to the negligence and liability claims made in the underlying lawsuit related to the accident; Count 7 alleges intentional misrepresentation; Count 8 alleges fraudulent concealment; Count 9 alleges negligent misrepresentation; and Count 10 alleges constructive fraud. On September 18, 2013, Counts 1 through 6 were dismissed but Plaintiffs were permitted to proceed on Counts 7 through 10 (Doc. 30). Discovery in this matter has been on-going since October 4, 2012 (Doc. 16) and the deadline has been reset twice with a current deadline of January 6, 2015 (Docs. 49, 63).

Pending before the Court are Plaintiffs' Motion to compel discovery response (Doc. 64), the responses thereto (Docs. 68 and 69), and unopposed motion to amend the complaint (Doc. 82), and unopposed motion to "suspend" discovery filed by Plaintiffs (Doc. 83), and Defendant E. T. Simonds' Motion to quash a notice of deposition of its corporate representative (Doc. 85). Each Motion will be taken in turn. Defendants are herein referred to as "Southern" and "Simonds."

**Motion to Compel (Docs. 64, 68, and 69)**

Plaintiffs served interrogatory requests and requests to produce to each Defendant seeking information on "any and all insurance agreements that may have been liable in the underlying action and also those that may be in the instant action" (Doc. 64, p. 2). In particular, Plaintiffs seek complete responses to interrogatories 6, 7, 16, 17, and 18 served upon Defendants to which responses were served in April, 2014. Southern responds that Plaintiff failed to confer prior to filing the motion (although it was the subject of a conference with the Court on June 30, 2014). Simonds responds that the information that Plaintiffs seek – "'why' certain policies were not disclosed in the underlying case" – is either not articulated in the interrogatories at question or has been sought through 5 additional interrogatories propounded by Plaintiff, with leave of the Court, on July 18, 2014.

The interrogatories in question seek the following information:

Interrogatory 6: "With respect to the insuring agreements identified in response to Interrogatory 4, please state fully each and every reason and/or basis for withholding identification of the same in your FRCP 26(a)(1)(A) initial disclosure in the underlying case."

(in response to Interrogatory 4, Defendants identified the Bituminous Policy)

Interrogatory 7: "Please state whether, prior to or at the time that you entered into the Settlement Agreement with Plaintiff, you instructed any person . . . to withhold disclosure of the insurance [sic] of the insurance agreement(s) identified in response to Interrogatory no. 4 . . . ."

Interrogatory 16: "Please state whether, at the time that you made the representations and warranties contained in your . . . initial disclosure in the underlying action related to applicable insurance coverage, you believed such representations were true. If your answer is 'Yes,' please identify" facts, documents, witnesses, and communications "relating to such belief."

Interrogatory 17: "Please state whether, at the time [of] your . . . initial disclosure . . ., you relied upon the statement of any person or entity to confirm the factual basis for such representations were true. If your answer is 'Yes,' please identify . . . each person . . . communication . . . date."

Interrogatory 18: "Do you contend that your belief in the truth of the representations set forth in . . . initial disclosures . . . related to applicable insurance coverage was reasonable? . . . ."

In Southern's answers to these interrogatories, it indicates that it does not have a copy of the initial disclosures in the underlying lawsuit, that it did not withhold information, and that it believes that the Bituminous Policy is the relevant insurance policy. Simonds likewise responded that it does not have a copy of the initial disclosures in the underlying lawsuit and that "Simonds has never withheld any information regarding the existence of the joint venture, the role of the joint venture in bidding and being awarded Contract No. 98836 and the insurance coverage procured for and available to the joint venture for Contract No. 98836."

The Court finds Simonds' argument persuasive. Plaintiff is essentially seeking the

reasoning behind the failure to disclose other insurance policies, held by the individual Defendants, that they now believe are applicable to the underlying lawsuit. The questions, however, are premised on Defendants' possession of the initial disclosures in the underlying lawsuit and an assumption that some person elected to "withhold disclosure of the insurance agreement(s)." Based on Defendants' answers, they believe that both presumptions were faulty and could only lead to the answers given – that both Defendants produced the only policy they believed was applicable to the underlying lawsuit. The Court does not find Defendants' answers to be non-responsive and will not compel additional responses. To the extent that Plaintiffs do not like the answers provided, they can inquire further through other means, like a deposition of the corporate representative of Defendants and perhaps the person(s) who answered the initial interrogatories in the underlying lawsuit, or through inspection of the insurance agreements that they do believe are relevant. As Defendants point out, they are required to supplement their disclosures as provided by Rule 26 and no additional order requiring the same is necessary. The Motion to Compel is accordingly **DENIED**.

### Motion for Leave to File First Amended Complaint (Doc. 82)

Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires." Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Plaintiffs seek leave to amend their Complaint (which currently asserts various fraud counts against two Defendants), to assert claims related to various insurance policies identified by Defendants on June 3, 2014 as being in effect during the time of the accident. Plaintiffs argue that

they require declaratory relief, in the form of a declaration that the insurance policies would or could have provided insurance coverage for the underlying lawsuit, and that the insurance companies issuing said policies are necessary parties to this lawsuit pursuant to Rule 19(a)(1)(B)(i). Plaintiffs note that "the primary issue is whether the above mentioned policies of insurance should have been disclosed in the Underlying Action. At the core of this question is whether these policies are actually applicable to the Underlying Action" (Doc. 82, p. 4). Plaintiffs' proposed amended pleading accordingly seeks to add Counts 5 through 11 against Bituminous Casualty Corporation, ACE American Insurance Company, Clarendon National Insurance Company, Liberty International Underwriters, Inc., Liberty Mutual Fire Insurance Company, and American Guarantee & Liability Insurance Company, insurance companies who provided policies to Defendants. As to each of these proposed defendants, Plaintiff adds a count for declaratory judgment, pursuant to 28 U.S.C. § 2201(a), seeking a "judgment declaring [the relevant insurance policy] provides coverage to [either Southern or Simonds] for the collision at issue herein." As noted above, Defendants have not filed a response to this motion. Normally, the lack of response would indicate to the Court that they do not object and that they admit the merits of the motion. *See* Local Rule 7.1(c).

      The Court has a number of misgivings as to the appropriateness of granting leave to amend the complaint in order to add 6 new Defendants and 6 new counts when the discovery deadline is less than three months away. Such additions would necessarily impact the trial setting, would delay this matter, that was filed over two years ago, and extend the schedule in this matter by at least 6 months. It is also unclear why Plaintiffs waited almost three months to seek to amend their Complaint to add these counts after knowing that these specific insurance policies existed. The Court would also add that when this suit was filed, on May 8, 2012, Plaintiffs represented that they

had reason to know of these additional insurance policies and yet have not sought to add these claims until this point in the proceedings. Even if this Court were to find that the delay in seeking to add these counts was justifiable, leave to amend still would not be granted.

Plaintiffs seek a declaration that Defendants' insurance policies were applicable to the underlying lawsuit. Such a declaration is necessary (according to Plaintiffs) because in order to prove fraud, Plaintiffs generally must point to some "false representation of material fact." *DeHart v. DeHart*, 986 N.E.2d 85, 97 (Ill. 2013). It does not follow, however, that an amendment to the complaint is necessary for Plaintiffs to meet their burden of proof. Title 28 U.S.C. § 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." This Court enjoys "wide discretion" in determining whether to exercise power under the Declaratory Judgment Act. *See A.G. Edward Sons, Inc. v. Public Bldg. Com'n of St. Clair County, Illinois*, 921 F.2d 118, 120 (7th Cir. 1990) (discussing Article III jurisdiction). By the terms of the statute, an "appropriate pleading" must be filed in order for the Declaratory Judgment Act to apply. In general, such pleadings are filed by an insurance company, who is seeking a declaration as to its duty to defend or indemnify, against its insured. *See e.g. Nationwide Ins. v. Zavalis*, 52 F.3d 689 (7th Cir. 1995). In an odd turn of events, Plaintiffs in this suit are seeking a declaration as to an insurance company's duty to indemnify Defendants for claims that are not being litigated in this lawsuit.

Federal Rule of Civil Procedure 19(a) provides that a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may [ ] as a practical matter impair or impede the person's ability to protect

the interest." *Id*. at (B)(i). No insurance company listed above "claims" an interest in this lawsuit; rather, Plaintiffs are claiming an interest for them: a say in whether it should be declared that the insurance policies they issued could have been used to pay damages in the underlying lawsuit. To be sure, in order for *Plaintiffs* to prove that a material misrepresentation was made by Defendants, they may need to show insurance policies existed that may have been used by Defendants to pay damages in the underlying lawsuit (and that they knew about it and made a misrepresentation about it). However, the insurance companies themselves are not necessary parties to this lawsuit: there is no showing that they would or could be liable for the fraud counts that are asserted in the case at bar. There is likewise no showing that they have any interest in this lawsuit *or that the Plaintiffs are obligated to safeguard any such interest by adding them to this lawsuit*. There is no indication that these insurance companies would somehow be liable for any fraud allegedly committed by Defendants or that they would now be responsible for any damages incurred by Plaintiffs. Moreover, there is no showing that any ruling of this Court on Plaintiffs' complaint would be to the detriment of these insurance companies. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999) (noting that the relevant inquiry is "focusing on the missing party's interest, the adequacy of relief, and the possibility of incompatible obligations"). For these reasons, Plaintiffs' Motion to Amend is **DENIED**.

### Discovery Deadline Motions (Docs. 58 and 83)

Plaintiffs' Motions raise issues with respect to Plaintiffs' depositions, which were to occur by June 30, 2014, the production of insurance policies, the depositions of persons identified by Defendants (16 in total), and their request for a declaratory judgment. Plaintiffs' request for more time made in the June 25, 2014 Motion (Doc. 58) is generally moot in light of this Court's July 1, 2014 (Doc. 63) Order extending various deadlines. For example, Plaintiffs' deposition deadline

was extended to August 22, 2014. Plaintiffs' Motion to Compel and Motion to Amend have been resolved as indicated above; an extension of time related to those items is accordingly unnecessary. As to the production of insurance policies, Plaintiffs' Motion to Compel mentions that Defendants did not produce the insurance policies in question in response to requests to produce. However, Plaintiffs do not specify which insurance policies they have not received (the Court assumes that Plaintiffs seek the 6 policies identified in their Motion to Amend and issued by the insurance companies listed above). Finally, as to the Defendants' "extensive" witness list, the Court assumes that the parties have been working diligently to schedule depositions (since June 2014) and will continue to be diligent in conducting discovery by the January 6, 2015 discovery deadline. These Motions are accordingly **DENIED**.

## Motion to Quash (Doc. 85)

Plaintiffs' shall file a response to this Motion by **October 21, 2014**. An in-person motion hearing is hereby **SET** for **October 23, 2014** at **10:00 a.m.** Parties should be prepared to discuss the Motion to Quash and any other outstanding discovery issues.

## CONCLUSION

For the foregoing reasons, the Second Motion for Extension of Time filed by Plaintiffs on June 25, 2014 (Doc. 58) is **DENIED**, the Motion to Compel Discovery filed by Plaintiffs on July 11, 2014 (Doc. 64) is **DENIED**, the Motion for Leave to File First Amended Complaint filed by Plaintiffs on September 25, 2014 (Doc. 82) is **DENIED**, the Motion to Stay Scheduling and Discovery Order filed by Plaintiffs on September 25, 2014 (Doc. 83) is **DENIED**, and the Motion to Quash Rule 30(b)(6) Deposition filed by Defendant, E.T. Simonds Construction Company, on October 8, 2014 (Doc. 85) is **TAKEN UNDER ADVISEMENT.**

This matter is set for an in-person hearing on **October 23, 2014** at **10:00 a.m.**

**IT IS SO ORDERED.**

**DATED: October 16, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**