IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 12-CV-594-SMY-SCW |
| | ) |
| E.T. SIMONDS CONSTRUCTION COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiffs' Motion to Strike (Doc. 108). Plaintiffs move to strike Defendants' expert G. Patrick Murphy's report and to bar Murphy from testifying at trial. Defendants have filed responses. For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

In 2007, Plaintiffs filed a negligence action seeking to recover for injuries resulting from a single vehicle rollover accident on August 21, 2005 ("the underlying action") (*see Turubchuk v. E.T. Simonds Const. Co.*, 07-CV-216-WDS). Plaintiffs sued Defendants E.T. Simonds Construction Company ("ETS") and Southern Illinois Asphalt Company, Inc. ("SIAC"), alleging that Defendants were contractors on a State of Illinois road construction project responsible for repaving a stretch of Interstate 24. Plaintiffs alleged that the vehicle in which they were riding went off the paved road in the construction zone, slipped off of a severe edge drop-off, left the highway and rolled. Plaintiffs alleged that Defendants were negligent in performing the repaving.

1

At the time of the accident, ETS and SIAC were insured as a joint venture through an insurance policy issued by Bituminous Insurance Company. In addition to the Bituminous policy, both Defendants were individually insured through several policies.

Attorney Richard Green represented ETS and SIAC in the underlying action. Plaintiffs were represented by Komron Allahyari. On May 14, 2007, Allahyari made a $1,000,000.00 policy-limits settlement demand after allegedly receiving confirmation from Green that the Bituminous policy was the only policy available to cover Plaintiffs' claims against the Defendants. On May 15, 2007, Green served Defendants' Rule 26(a)(1) initial disclosures, which only identified the Bituminous policy. Defendants never disclosed their individual policies.

Nearly six years later, Plaintiffs filed the instant action seeking damages for Defendants' failure to disclose their individual policies in the underlying action. Plaintiffs allege that if Defendants had disclosed the individual policies, Plaintiffs would not have settled for what they believed were "policy limits" of the only policy disclosed to them. In the Second Amended Complaint, Plaintiffs assert claims for intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and constructive fraud.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Courts function as gatekeepers of expert testimony "to make certain that an expert, whether

basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

In order to be considered reliable, proposed expert testimony must be supported on "good grounds." *Daubert,* 509 U.S. at 590. Ultimately the reliability inquiry must be tied to the particular facts of the case. *Kumho Tire,* 526 U.S. at 150.

Equally important to the gate-keeping function is a determination of whether the proposed testimony is relevant. *Daubert,* 509 U.S. at 591. Thus, even if an expert's testimony is deemed reliable, under Rule 702, it must be excluded if it is not likely "to assist the trier of fact to understand the evidence or determine a fact in issue...." *United States v. Hall,* 93 F.3d 1337, 1342 (7th Cir.1996); *see also United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir.2007). "The suggested ... testimony must 'fit' the issue to which the expert is testifying" and should help the trier of fact decide the case at bar. *See Chapman v. Maytag Corp.,* 297 F.3d 682, 687 (7th Cir.2002).

Of particular relevance to an expert proffered for his experience, when determining whether an expert's testimony is admissible, "[i]t is critical under Rule 702 that there be a link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support." *United States v. Mamah,* 332 F.3d 475, 478 (7th Cir.2003) (citing *Gen. Elec. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). As the Supreme Court noted: "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec.,* 522 U.S. at 146. Stated another way, an expert "who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert as Rule 702

3

defines that term." *Zenith Elec. Corp. v. WH-T Broad. Corp.,* 395 F.3d 416, 419 (7th Cir.2005); *see also Mamah,* 332 F.3d at 478 ("The court is not obligated to admit testimony just because it is given by an expert.").

The Seventh Circuit has consistently held that "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Zenith Elec. Corp.,* 395 F.3d at 419-20 (collecting cases). Rather, the expert must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *U.S. v. Frazier,* 387 F.3d 1244, 1261 (2004) (quoting Fed.R.Evid. 702 advisory committee's note (2000 amends.) (emphasis added)). An expert's qualification and experience alone are not sufficient to render his opinions reliable. *Id.* The testimony must also assist the trier of fact. *Id.* at 1262.

## DISCUSSION

In his report, Murphy, an attorney in private practice and a former federal district judge, states that he is familiar with the initial disclosure requirements of Rule 26 and that Plaintiffs are "stretching FRCP 26(a)(1)(A) well past its breaking point" (Doc. 94-1, p. 4). Citing to the Advisory Committee Notes to Rule 26, Murphy asserts that "the comments [to the Rule] make clear that initial disclosures are just that and a party should make its initial disclosures based on the pleadings and the information then reasonably available to it" and that "it is anticipated that initial disclosures will be supplemented as time passes" (Doc. 94-1, p. 4). Murphy contends that Green had no reason to believe there was other insurance available to cover the joint venture and that Plaintiffs' attorney negligently failed to serve detailed discovery requests to find out whether additional coverage existed beyond the joint venture policy. *Id*. Murphy then propounds the following four opinions:

4

1. If there is coverage beyond that disclosed by Mr. Green, the plaintiffs' lawyers neglected their duty to their clients by submitting a time-limited settlement demand before conducting the routine discovery that due diligence requires;

2. Mr. Green, as attorney for the defendants, did exactly what FRCP 26 required of him and he was not required at that time to conduct a thorough and complete investigation as to what other policies of insurance might provide additional coverage for plaintiffs' claims. He made completely accurate "initial disclosures;"

3. It is not reasonable to rely <u>only</u> on information in initial disclosures to determine insurance coverage in a serious case (emphasis in report); and

4. The plaintiffs' lawyers had ample time to satisfy themselves whether there was additional insurance available even after they had agreed to the $1,000,000.00 settlement as the release was not signed until twenty months later (Doc. 94-1, pp. 5-6).

Plaintiffs first contend that Murphy's second opinion is an improper legal conclusion. Next, Plaintiffs assert that the remaining opinions should be barred because they are based upon an assumption that the initial disclosures prepared by Green were appropriate and they shift the burden of discovery onto Plaintiffs when Defendants were under an obligation to automatically produce insurance agreements pursuant to Rule 26.

Defendants counter that Murphy's opinions are mixed questions of law and fact and are therefore permissible. Additionally, Defendants argue that Murphy's opinions address and are relevant to Defendants' affirmative defense that Allahyari's conduct in the underlying action was the sole proximate cause of Plaintiffs' claimed damages.[1]

It is well-established that expert witnesses may not testify to legal conclusions or to the applicability or interpretation of a particular statute or regulation. *See Bammerlin v. Navistar Intern. Transp. Corp.,* 30 F.3d 898, 901 (7th Cir.1994). Further, an expert witness may not offer

---

[1] Defendants have not filed Answers to Plaintiffs' Second Amended Complaint. However, ETS asserted sole proximate cause as an affirmative defense in its Answer to the First Amended Complaint. The Court assumes that affirmative defense remains an issue in the case for purposes of its consideration of the instant motion.

5

an opinion or legal conclusion on issues that will determine the outcome of the case. *Good Shepherd Manor Found., Inc. v. City of Momence,* 323 F.3d 557, 564 (7th Cir.2003) ("The district court correctly ruled that expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible.").

Moreover, Federal Rule of Evidence 403 dictates the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. "When the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988).

The Court finds that Murphy's second opinion invades on the province of the Court to interpret the requirements of Rule 26. Whether Green complied with Rule 26 is a question of law that is clearly reserved for this Court. Similarly, whether Plaintiffs' Counsel's actions were "negligent" is also an inadmissible legal conclusion which Mr. Murphy may not proffer. However, Murphy's remaining three opinions are relevant to the issue of sole proximate cause and he is clearly qualified by experience to give them. Further, the Court finds that his testimony in that regard will assist the jury in determining issue of sole proximate cause.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike is **GRANTED** as to Murphy's above- stated second opinion and opinion that Plaintiffs' Counsel was negligent. The motion to otherwise strike Murphy's report and bar his testimony is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 15, 2016**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**