IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 12-CV-594-SMY-SCW |
| | ) |
| E.T. SIMONDS CONSTRUCTION COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant E.T. Simonds Construction Company's ("ETS") Motion for Entry of Judgment Consistent with this Court's January 31, 2017 and February 3, 2017 Orders (Doc. 202). For the following reasons, the motion is **DENIED**.

This action is premised on alleged misrepresentations and fraud. Specifically, Plaintiffs seek to recover damages from Defendants ETS and Southern Illinois Asphalt Company ("SIAC") for Defendants alleged misrepresentations regarding their insurance coverage in an underlying action which sought damages for injuries sustained by Plaintiffs following a single vehicular accident. On January 31, 2017, the Court granted in part Plaintiffs' motion for summary judgment (Doc. 199). Defendants' motions for summary judgment were denied on February 3, 2017 (Docs. 200, 201). In the Orders, the Court found that Defendants' failure to identify and provide their individual policies with their initial disclosures violated the requirements of Rule 26. The Court also concluded that a joint venture did not exist between the defendants as to the relevant construction project.

ETS asserts that it is now entitled to judgment as a matter of law based on the Court's determination that no joint venture existed. Specifically, ETS contends that pursuant to the Joint

Venture Agreement entered into between it and SIAC, SIAC was solely responsible (and therefore solely negligent) for the lanes where the accident occurred. ETS argues that any alleged misrepresentation regarding its available individual insurance policies is therefore irrelevant because those policies would not have been available to satisfy any judgment or settlement in favor of the Plaintiffs.

ETS's argument misses the mark. In this case, Plaintiffs are not pursuing a negligence claim against the defendants resulting from the accident. Rather, Plaintiffs seek damages for fraud and Defendants' alleged negligent and/or intentional misrepresentations in failing to disclose their individual policies in the underlying action. Plaintiffs allege that if Defendants had disclosed the individual policies, Plaintiffs would not have settled for the "policy limits" of the joint venture policy – the only policy disclosed to them.

Whether ETS would have ultimately been successful in the underlying action did not eradicate its duty under Rule 26 to disclose its individual policies and is not determinative of its liability for the claims asserted in the instant action. Whether the failure to comply with Rule 26 constituted fraud or either intentional or negligent misrepresentation, and if so, what if any damages Plaintiffs are entitled to recover, are questions of fact for the jury to determine.

For these reasons, and the reasons set forth in the Court's January 31, 2017 and February 3, 2017 Orders, the motion is denied.

**IT IS SO ORDERED.**

**DATED: April 14, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
