**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LILIYA TURUBCHUK, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )    **Case No. 12-CV-594-SMY-SCW** |
| | ) |
| **E.T. SIMONDS CONSTRUCTION** | ) |
| **COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs bring this action against Defendants E.T. Simonds Construction Company ("ETS") and Southern Illinois Asphalt Company ("SIAC"), alleging that Defendants committed fraud by misrepresenting their insurance coverage in an underlying action which sought damages for injuries sustained by Plaintiffs following a single vehicular accident. On January 31, 2017, the Court granted in part Plaintiffs' motion for summary judgment (Doc. 199). The Court denied Defendants' motions for summary judgment on February 3, 2017 (Docs. 200, 201). Now pending before the Court is SIAC's Motion for Review (Doc. 208) in which SIAC seeks reconsideration of the Court's determination that no joint venture existed between SIAC and ETS. For the following reasons, the motion is **DENIED**.

Motions to reconsider should rarely be granted. *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990). A court should grant such a motion only in two extraordinary situations: where the court's misapprehension has produced a manifest error of fact or law, or where a controlling or significant change in fact or law has materialized since the court issued its initial ruling. *Id*.; *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.

1987).  An error of misapprehension occurs where the court patently misunderstands the issue or decides the matter based on considerations beyond the issues presented by the parties for review. *See Bank of Waunakee,* 906 F.2d at 1191.

The motion to reconsider is not an opportunity for a party whose position has been rejected to try a different approach. *See Bank of Waunakee,* 906 F.2d at 1192 (distinguishing between "a misunderstood litigant" and "an irresolute litigant that was uncertain what legal theory it should pursue").  Evidence is not "new" if the movant could have offered it the first time he was before the court, and the movant may not advance legal theories that—although they were available—he declined or neglected to raise in the first instance. *See Granite State Ins. Co. v. Degerlia,* 925 F.2d 189, 192 n. 7 (7th Cir.1991).

SIAC asserts that this Court made an improper *sua sponte* ruling in finding that, as a matter of law, a joint venture did not exist between SIAC and ETS.  SIAC further asserts that it was not given notice or a reasonable time to respond to the contention that a joint venture did not exist.  Additionally, SIAC maintains that the Court made factual determinations without considering all of the evidence and that if given the opportunity, SIAC could have provided "significant evidence" establishing that a joint venture existed.

The existence of the joint venture between SIAC and ETS has been a contentious issue since the inception of this case. Plaintiffs have persistently asserted that Defendants were not sued as a joint venture in the underlying action.  Defendants have maintained that they were acting as a joint venture and, thus, properly produced the only relevant insurance policy – the joint venture policy – in the underlying action.  Moreover, the joint venture issue was raised either directly or indirectly in each of the parties' summary judgment briefings.  ETS specifically moved for the Court to find as a matter of law that Defendants were acting as a joint venture:

> [A]ny notion by the plaintiffs that ETS and SIAC did not form a joint venture and did not perform their work pursuant to IDOT Contract No. 98836 as a joint venture is wholly without factual support. Because there is no genuine triable issue of material fact as to whether ETS and SIAC were acting as a joint venture in performing their work pursuant to IDOT Contract No. 98836, summary judgment should be entered in favor of ETS as to this issue.

(*See* Doc. 118). Thus, SIAC's contention that it was "taken by surprise" with the Court's ruling is not well taken. The Court's determination that a joint venture did not exist was neither improper nor *sua sponte*.

The Court also rejects SIAC's argument that it could have provided "significant evidence" establishing the existence of a joint venture. SIAC has not provided any newly discovered facts or evidence. Whether by strategic choice or neglect, SIAC failed to provide this alleged "significant evidence" establishing the existence of a joint venture during the summary judgment briefings. Instead, Defendants relied almost exclusively on the language in the Joint Venture Agreement to assert that as a matter of law they formed a joint venture – language the Court found clearly did not support Defendant's contentions.

In any event, SIAC's alleged "significant evidence" – several cobbled together pages of deposition testimony from Bill Simonds and Jim McPhail – do not create an issue of fact regarding the joint venture status of Defendants. Rather both Simonds and McPhail testified consistent with the Agreement, that SIAC and ETS kept their work separate (*see* Docs. 202-1, 202-2). The testimony also does not negate the crucial fact that neither contractor could control the other in performing their portion of the work.

Upon review of the record, the Court remains persuaded that its ruling was correct and that, as a matter of law, a joint venture did not exist between ETS and SIAC with respect to the Project. Accordingly, SIAC's motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  April 14, 2017**


s/ Staci M. Yandle
STACI M. YANDLE
United States District Judge