# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 12-CV-594-SMY-SCW |
| E.T. SIMONDS CONSTRUCTION COMPANY, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File an Amended Disclosure on Non-Retained Expert Witness (Doc. 239). Defendants filed responses in opposition (Docs. 243, 244). The Court issued its ruling on the record on April 28, 2017 (Doc. 248). For the following reasons, the motion is **GRANTED**.

F.R.C.P. 26(a)(2)(C) requires parties to disclose the subject matter on which non-retained expert witnesses are expected to testify, along with a summary of the facts and opinions to which the expert is expected to testify. To ensure compliance with these discovery requirements, Rule 37 provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness… unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).

The determination as to whether a Rule 26(a) violation is justified or harmless is within the discretion of the district court. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003). In making this determination, the Court should include the following factors in its consideration:

> (1) The prejudice or surprise to the party against whom the evidence is offered;

(2) The ability of the party to cure the prejudice;
(3) The likelihood of disruption to the trial; and
(4) The bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

At issue is Plaintiffs' failure to disclose Komron Allahyari as a non-retained expert witness. Allahyari acted as Plaintiffs' Counsel in the underlying case and was disclosed by Plaintiffs as a material fact witness in this case from the outset. His general knowledge of relevant facts and his role and involvement in the events leading to the settlement of the underlying case are known to the Defendants through formal discovery, including his deposition testimony. However, Plaintiffs did not disclose him as a non-retained expert under Rule 26(a)(2)(C). Nor did they disclose their intent to elicit expert testimony from him at trial regarding the settlement value of the underlying case.

Plaintiffs assert that their failure to make the disclosures was a result of Plaintiffs' Counsels' erroneous belief that because of his involvement in the settlement of the underlying case, Allahyari's testimony would not constitute expert testimony subject to disclosure under Rule 26(a)(2)(C). Plaintiffs further assert that Defendants have been aware of Allahyari's opinions since he sent a demand letter in the underlying case in May 2007 and, therefore, Defendants can claim no unfair surprise as to those opinions.

While Defendants were certainly aware of Allahyari's involvement and the contents of his settlement demand letter, that knowledge did not extinguish Plaintiffs' obligation to disclose him and his opinions as to the settlement value. His opinions as to the settlement value qualify as expert opinions under FRE 702 – not lay opinions or facts. As such, Defendants would be prejudiced by their inability to properly prepare for trial if Allahyari were permitted to testify without being disclosed as a non-retained expert witness.

That said, the Court is convinced that Plaintiffs' failure to properly disclose Allahyari's expert opinions was not willful or in bad faith, but inadvertent. In fact, it has become clear that prior to the Court's recent rulings on the parties' respective motions for summary judgment, neither Plaintiffs nor Defendants fully grasped the true measure of damages in this case or the evidence necessary to prove or disprove those damages. This includes the need for expert testimony as to the settlement value of Plaintiffs' claims at the time the underlying case settled in 2007.[1]

Moreover, to bar Allahyari's testimony would be tantamount to dismissing Plaintiffs' suit which, the Court finds that under the circumstances, would produce an unnecessarily harsh result. Although the Court is clearly authorized to take such an action under Rules 26 and 37, it is not required to do so if the failure to disclose is harmless. *Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004). Here, the potential harm to the Defendants can be cured, and as the Seventh Circuit instructs, "[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) (quoting *Schilling v. Walworth County Park and Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)).

For the foregoing reasons, Plaintiffs' motion is granted and Plaintiffs will be permitted to amend their Rule 26(a)(2)(C) disclosures to name Komron Allahyari as a non-retained expert witness and to comply with the disclosure requirements of 26(a)(2)(C)(i) and (ii). Defendants will be allowed to take a supplemental deposition of Allahyari relative to his expert opinions as to the settlement value of Plaintiffs' claims in the underlying case and will be allowed to disclose rebuttal experts as to that issue. As a sanction under Rule 37 for

---

[1] Neither Defendant has disclosed an expert witness to testify as to the settlement value in the underlying case which is the primary, if not only factor relative to both establishing and refuting the measure of damages for Plaintiffs' claims.

their failure to timely disclose Allahyari as a non-retained expert witness, Plaintiffs shall pay Defendants' costs and reasonable attorney's fees associated with the supplemental deposition. Finally, the current trial setting has been vacated and reset and the Court has set deadlines for the supplemental deposition, disclosures, and Daubert motions (*see* Doc. 248).

**IT IS SO ORDERED.**

**DATED: May 2, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
