IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LILIYA TURUBCHUK, et al.,                )
                                          )
    Plaintiffs,                           )
                                          )
v.                                        )    Case No. 312-cv-594-SMY-DGW
                                          )
E.T. SIMONDS CONSTRUCTION                 )
COMPANY and SOUTHERN ASPHALT              )
COMPANY, INC.,                            )
                                          )
    Defendants.                           )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Sanctions against Plaintiffs filed by Defendant Southern Asphalt Company, Inc., on September 13, 2017 (Doc. 277). The Motion is **DENIED**.

### BACKGROUND[1]

On April 4, 2006, Plaintiffs, Ludmila Nemtsova, Vladimir Nemtsov, Vladislav Nemtsov, Elina Nemtsova, and Liliya Turubchuk (but not Irina Turubchuk), entered into a "Settlement Agreement, Including Agreed Judgment, Assignment, and Covenant not to Execute" (hereinafter "Plaintiffs' settlement agreement") (Doc. 276-4). In this agreement, related to the underlying August 21, 2005 automobile accident, Ludmila agreed to entry of judgment against her for $1,280,173.02 in damages payable to Liliya, Elina, and Vladislav in exchange for an agreement not to enforce the judgment against her, personally.[2] Ludmila further denied liability as to the

---

[1] This and related cases have a long and tortured history which will not be fully repeated here.

[2] The Plaintiffs are all related. Liliya and Aleksay (who died in the accident) are the parents of Ludmila and Irina. Ludmila and Vladimir are husband and wife and the parents of Vladislav and Elina. Ludmila was the driver of the vehicle and Liliya, Aleksay, Irina, Elina, and Vladislav were

accident but acknowledged that an Allstate Umbrella policy, which included a $1 million excess liability policy limit, in addition to an Allstate automobile liability policy, with per occurrence and per person liability limits of $300,000 and $100,000, respectively, would pay any judgment against her. And, she assigned her interest and any cause of action in the Allstate policy to the remaining Plaintiffs. Either before or after signing the Plaintiffs' settlement agreement, some or all of the Plaintiffs sued Allstate in Washington state court – in that suit, Plaintiffs were represented by attorney Komron Allahyari. Defendants have not provided any document to the Court that would evidence how the Washington state court case was resolved (either through an actual Court judgment or through settlement). However, what is clear is that Allstate paid the policy limits to Plaintiffs respectively and that the Washington state court case was terminated.

As of January 31, 2008 (at the very latest), Defendants in this action were aware that Allstate paid those policy limits to the Estate of Aleksay Turubchuk, Irina, Liliya, Elina, and Vladislav through a motion in the 2007 case filed in this Court (Doc. 282-1).[3] The Plaintiffs' settlement agreement was not attached to or referenced in that motion although the insurance policies themselves and other agreements were attached and referenced.

Defendant now complains that while it was aware of the Allstate payments, the Plaintiffs' settlement agreement never was disclosed in this lawsuit (and was in fact actively concealed), despite discovery requests, and that they are now so prejudiced by the lack of disclosure that dismissal with prejudice of this lawsuit is warranted. Defendant contends that the Plaintiffs' settlement agreement contains admissions of liability that not only would have affected the settlement potential of the underlying 2007 case but would also now affect the value of this case.

---

passengers. Vladimir was not involved in the accident.

[3] A recitation of these payments was made in a "Motion for Approval of Minor Settlement" filed in the 2007 lawsuit initiated by Plaintiffs against Defendants (3:07-cv-216-WDS-CJP) and served upon Defendants' then counsel, Richard Green.

In the alternative, Defendant seeks time for their expert (Patrick Murphy) to evaluate the Plaintiffs' settlement agreement and render supplemental opinions. This matter is currently set for trial on November 13, 2017. While this Court finds that Plaintiffs should have provided Defendant a copy of the Plaintiffs' settlement agreement, the marginal relevance of the document renders any sanctions unnecessary.

## DISCUSSION

The Federal Rules of Civil Procedure covering discovery generally require parties to respond accurately and completely to discovery requests. The failure to do so can result in the sanctions contemplated by Rule 37. Rule 37(c)(1) provides that if a party fails to disclose or supplement as required by Rule 26(a) and (e), various sanctions can be imposed including attorney fees, striking the evidence, or dismissing an action. This Court enjoys broad discretion in resolving discovery disputes. *Spiegla v. Hull*, 371 F.3d 928, 933 (7th Cir. 2004). And, the Court has "wide latitude in fashioning appropriate sanctions" for discovery violations. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quotation marks and citation omitted).

Plaintiffs' settlement agreement is not the type of document that would be the subject of Rule 26(a) initial disclosures (or supplements thereto). Therefore, Defendant must point to a discovery request that would have required the production of the document. Because the Plaintiffs' settlement agreement did not contain an admission of fault, was not an insurance agreement, nor was it a statement related to the fraud alleged in this case, the only discovery request that may have generated the disclosure of the fact of the Plaintiffs' settlement agreement is interrogatory 15 and request to produce 5:

> 15. State whether any of the plaintiffs have received any payment or promises of payment from any source, including but not limited to Washington Law Group any

professional liability insurance carrier for the Washington Law Group, Thomas Hause or Komron Allahyari, and, if so, state the name, addresses, and telephone numbers of all individuals who have knowledge of those payments.

ANSWER: As to settlements related to this accident, yes. See Plaintiffs' FRCP 26(a) Initial Disclosures dated November 30, 2012.

Otherwise, no.

***

5. Produce all documents referenced, identified or described in plaintiffs' responses to E.T. Simonds' Interrogatories and Requests for Production.

ANSWER: This information is equally available to defendant. See attached.

(Doc. 277-2, pp. 10, 12).

Certainly, the Plaintiffs' settlement agreement was a promise of payment (of sorts, being deferred) and necessarily should have been produced in response to request to produce 5. As to the litany of other discovery requests, none of them would have compelled Plaintiffs to produce Plaintiffs' settlement agreement. To the extent that Plaintiffs qualified their responses to the actual issue of this case (i.e. the failure to disclose insurance policies), Defendant's objection to the same is untimely. If Defendant believed that the answers were too narrow, they should have filed a motion to compel at the time they were responded to and cannot now complain about the responses on the eve of trial. The Court does not find that Plaintiffs failure to produce the Plaintiffs' settlement agreement to be a willful failure. Plaintiffs did not hide the fact that the Washington state court case (in which the Plaintiffs' settlement agreement was generated) had resulted in payments by Allstate to Plaintiffs. They also did not hide the amounts paid. Nor, as seen below, was there any prejudice to Defendant in the lack of disclosure.

Plaintiffs' duty to disclose is tempered by Defendant's singular failure to appreciate the existence of the agreement throughout the years of litigation in this matter. On pages 11 and 12 of

their brief, Defendant appears to acknowledge that it was under a misapprehension that the Plaintiffs' settlement agreement was a *judgment* of a court as oppose to an *agreement* between the parties.[4] These are two separate and distinct documents. Mr. Allahyari referred to Plaintiffs' settlement agreement, which Defendant's attorney appears to mistakenly identify as a judgment, in a 2014 deposition (Doc. 278, p. 13). The Plaintiffs' settlement agreement also appears to have been referenced in the Washington state court case and in a document (# 30) referenced by Defendant's expert, Patrick Murphy, in his deposition (Doc. 278, p. 11). Defendant, however neither provides Exhibit 30 to Mr. Murphy's deposition, a copy of the actual pages of Mr. Allahyari's referenced deposition, nor the docket sheet or other document that would display the resolution of the Washington state case. As such the Court cannot consider the context of the documents referenced by Defendant in its brief. In any event, Defendant had the opportunity to clear up any confusion by acquiring a copy of the Washington state case docket sheet (which may have revealed the existence of a judgment or settlement) and by asking Mr. Allahyari better questions. While this may appear harsh, this Court notes that Defendants and their attorneys are not unsophisticated. If their theory was (and has been) that Ludmila was the sole cause of the accident in question, they perhaps should have dug deeper in discerning the nature of the payments made by her insurer.

In any event, Plaintiffs should have disclosed Plaintiffs' settlement agreement. The failure to do so, however, has not prejudiced Defendant. Defendant's contention that the agreement is a smoking gun that eviscerates Plaintiffs' damages in this case is an over-reach. The Plaintiffs' settlement agreement does not contain the inculpatory statements that Defendant

---

[4] From Mr. Murphy's report, it appears that there may have been a judgment in addition to the Plaintiffs' settlement agreement and that Defendant, rightly or wrongly, conflated the two. (Doc. 255-1, p. 4). However (again) Defendant has not produced any document that would evidence such a judgment, if it exists, and there is no indication of the manner in which the Washington state court case was resolved except to say that payments were made by Allstate to Plaintiffs.

desperately argues would absolve them of all damages in this case. Moreover, Defendant and their attorneys were aware of the Allstate payments in the Washington state case. At most, the Plaintiffs' settlement agreement may lend credence to one of Mr. Murphy's conclusions that "Ludmila Nemtsova was the sole proximate cause of this accident" (Doc. 255-1, p. 8).[5] This conclusion, however, was made in part by Mr. Murphy's contention that Ludmila "consented to the entry of an agreed judgment" and thereby admitted liability in the Washington state court case (Doc. 255-1, p. 4). Defendants and Mr. Green had access to this information when that state case was concluded. The addition of Plaintiffs' settlement agreement would do absolutely nothing to modify or change the conclusions of Mr. Murphy in this case nor did knowledge of the judgment affect Mr. Green's analysis of the 2007 case. Therefore, Defendant's request for dismissal or supplementation is unnecessary. The failure to disclose was harmless and no sanctions are warranted. The Court also will not direct any costs or attorney fees. The extreme relief sought in the motion is completely disproportionate to the harm suffered, which is negligible.

## CONCLUSION

The Motion for Sanctions against Plaintiffs filed by Defendant Southern Asphalt Company, Inc., on September 13, 2017 (Doc. 277) is **DENIED**.

**DATED: October 11, 2017**

                                                                                    *Donald Wilkerson*

                                                                                    **DONALD G. WILKERSON**
                                                                                    **United States Magistrate Judge**

---

[5] This Court offers no opinion on the admissibility of this or any other opinion.