IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 12-CV-594-SMY-DGW |
| E.T. SIMONDS CONSTRUCTION COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions for reconsideration filed by Defendants Southern Illinois Asphalt Company, Inc. (Doc. 304) and E.T. Simonds Construction Company (Doc. 307). Defendants seek reconsideration of this Court's Order (Doc. 299) striking the Supplemental Report of Defendants' retained expert G. Patrick Murphy. Defendants assert that the Court "misapprehend[ded] the facts and basis for Murphy's analysis." In the alternative, Defendants seek leave to amend Murphy's Supplemental Report to remedy its deficiencies.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided…needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or

evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

Throughout the pendency of this litigation, Defense Counsel have "misapprehended" the law and relevant facts of this case – resolute to litigate the merits of the underlying negligence action rather than the pending fraud and misrepresentation claims. Their strategy has repeatedly missed the mark, as was the case with respect to their disclosed supplemental expert damage opinions. Now, Defendants seek reconsideration of this Court's Order striking their expert's opinions for failing to satisfy Federal Rule of Evidence 702 and the principles outlined in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993) and its progeny.

Defendants do not argue, *per se*, that Murphy's Supplemental Report and anticipated testimony satisfy *Daubert* – clearly they do not as evidenced by the fact that neither Defendant supports its positions by referencing portions of Murphy's Supplemental Report or deposition testimony where his methodology and process are elucidated. Rather, Defendants' argument appears to be that because Murphy and Allahyari's opinions were allegedly based on the same documentation, the Court erred in striking Murphy's opinions and not striking Allahyari's opinions. Specifically, Defendants contend that Allahyari's settlement demand and expert opinions are based upon a subjective valuation and not any objective scientific analysis.

Defendants' arguments demonstrate their latest incomprehension of the law. An expert's opinion may be based on specialized experience, rather than scientific data, ***if the expert explains the methodologies and principles that support his opinion***; he cannot simply assert a bottom line. *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010)("Given [the expert's] failure to explain his methodology, the district court could conclude that the report offered nothing of

2

value to the judicial process."); *United States v. Noel*, 581 F.3d 490, 497 (7th Cir. 2009) (rejecting expert testimony where expert "in essence, told the jury nothing more than, 'I am familiar with the definition of child pornography, and this meets that definition because I said so.'").

Contrary to Defendants' contentions, Allahyari explained his methodology and the bases for his opinions. Murphy did not. Murphy's opinions were also replete with legal conclusions – which, curiously, Defendants fail to address in their motions for reconsideration. As this Court made clear in its previous rulings, an expert witness may not testify to legal conclusions or to the applicability or interpretation of a particular statute or regulation, even if, as is true with respect to Mr. Murphy, that expert is well-versed in the law. Without question, Murphy is qualified to give ***properly based*** expert opinions. But Defendants will not be permitted to elicit judicial opinions or legal conclusions from the witness stand. The Court is satisfied that its ruling striking Murphy's Supplemental Report was correct – it made no errors of law or fact. Therefore, the motions to reconsider are **DENIED**.

That said, the Court recognizes that Defendants' misguided strategy leaves them without admissible expert testimony that will be necessary in order to present evidence at trial as to the applicable measure of damages in this case – the settlement value of Plaintiffs' claims at the time the underlying case settled in 2007. However, because this Court believes strongly that this case should be fully heard on its merits, **Defendants will be given one final opportunity to provide proper expert opinions on damages**.

Accordingly, Defendants shall submit supplemental opinions regarding damages no later than 30 days from the date of this Order. Plaintiffs shall file any *Daubert* motions regarding the supplemental opinions within 30 days of receiving the same. The Final Pretrial Conference and

jury trial settings of November 6, 2017 and November 17, 2017 are hereby **VACATED**. Final Pretrial Conference is **RESET** for February 28, 2018, at 1:30 p.m. and jury trial is **RESET** for March 19, 2018, at 9:00 a.m. in the Benton Courthouse before the undersigned.

**IT IS SO ORDERED.**

**DATED: November 2, 2017**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE
United States District Judge**